UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN MS OLLIE,

        Plaintiff,

  v.                                            Case No. 23-cv-1089-bhl

AURORA BEHAVIORAL HEALTH CENTER and
MILWAUKEE COUNTY MENTAL HEALTH,

        Defendants.

## ORDER

On August 16, 2023, Kevin MS Ollie, proceeding *pro se*, filed a complaint against Aurora Behavioral Health Center (Aurora) and Milwaukee County Mental Health (Milwaukee County). (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed without prepaying the filing fee if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2).

### THE MOVANT'S INDIGENCY

Ollie reports that he has $900 in monthly income from social security insurance (SSI) benefits. (ECF No. 2 at 2.) Against this income, he has total monthly expenses of $542. (*Id.*) Based on his own reports, Ollie has net positive income of $358 each month, a sum that is sufficient for Ollie to pay the filing fee. Accordingly, the Court cannot find Ollie indigent and unable to pay the filing fee and his motion to proceed without prepayment of the filing fee will be denied.

### SCREENING THE COMPLAINT

In screening a *pro se* complaint to determine whether the action is frivolous, fails to state a claim, or is brought against an immune defendant, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted.

To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

Ollie's complaint is hard to follow. He states that Aurora "violated [his] Rights" by "repetitively mental[ly] harass[ing]" him with "insults, ridicule, humiliation, name-calling and repeated threats to cause physical violence." (ECF No. 1 at 2.) This harassment allegedly occurred while Ollie was in both inpatient and outpatient treatment. (*Id.*)

He further alleges that someone from an outpatient program named LaShawndra also harassed him but he does not know who she works for. (*Id.*) Ollie further explains that he recently moved into his mom's house and only days later two Milwaukee Police Officers showed up "pretending" to be mental health workers. When he refused to speak to them, they tackled him to the ground, leaving him "with no choice but to fight back!" (*Id.* at 3.)

Ollie expresses concern that he may have to "sign[] away [his] rights to carry a [concealed] weapon" due to "the misconduct of Aurora Mental Health Complex and the Milwaukee Police Department." (*Id.*) He finishes his allegations with a cryptic assertion of "suspicious activities

containing mental awar[e]ness, TV Land Entertainment Industry, government 'secret service' intelligence committees, and SPORTS live radio/athlet[e]s and news commentators, being bias[ed] and discriminatory towards Kevin Marquise Shemar Ollie." (*Id.*)

Ollie indicates that he is suing under state law for $1 and requests "secret services" for the police and doctors "to stop harassing [him] about [his] health." (*Id.* at 4.)  Although not a part of his complaint, on August 22, 2023, Ollie filed a letter with the Court addressed to the "DHHS Director." (ECF No. 4.)  Ollie's letter states that he is "still waiting to see a respon[se]" and asserts that "employees and crisis teams patient management teams intelligent complaint agencies and so on … has put me through sex assault charges." (*Id.* at 1.)  He also claims that female employees of Behavioral Health sexually assaulted him.  (*Id.* at 1–2.)

## ANALYSIS

Ollie's allegations are both insufficient to state claims against Aurora or Milwaukee County and insufficient to support federal jurisdiction.  As stated above, a complaint satisfies Federal Rule of Civil Procedure 8(a) when it provides a "short and plain statement of the claim showing that the pleader is entitled to relief" and provides a defendant with "fair notice" of the claim.  *See Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As an initial matter, it is not clear that this Court has jurisdiction over Ollie's claims. Ollie's form pro se complaint indicates he is suing defendants with different state citizenship than him, under state law, and the money at stake in the case is $1.  (*Id.* at 4.)  Such claims fall outside this court's limited jurisdiction.  To proceed under the Court's diversity jurisdiction, as Ollie seeks to do, he must allege a dispute that is between citizens of different states and the matter in controversy must exceed $75,000.  28 U.S.C. § 1332(a).  Ollie indicates he is a citizen of Wisconsin and asserts claims against Milwaukee County, which is also a citizen of Wisconsin for jurisdictional purposes.  *Moor v. Alameda Cnty.*, 411 U.S. 693, 718 (1973) ("[A] political subdivision of a State…is a citizen of the State for diversity purposes.") (collecting cases).And his demand of $1 falls well short of the $75,000 amount-in-controversy requirement.

To the extent Ollie actually seeks to sue for alleged violation of his federal constitutional rights, under 42 U.S.C. §1983, his claim fails to state a claim.  As for Aurora, Ollie does not plausibly allege any facts that Aurora or its employees deprived him of his constitutional rights.

*See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). Moreover, a party may only proceed under section 1983 against persons who act under color of state law. *See* 42 U.S.C § 1983; *DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022) ("The traditional understanding of what it means for an official to act 'under color of state law' encompasses misconduct by officials exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (quoting *West v. Adkins*, 487 U.S. 42, 49 (1988)). Ollie does not allege facts from which it could reasonably be inferred that Aurora, a private company, or its employees acted under color of law.

Ollie's allegations regarding the Milwaukee Police officers come closer to satisfying the prerequisites under Section 1983, but Ollie does not name them as defendants. Instead, he has sued Aurora Behavioral Health Center and Milwaukee County Mental Health. Section 1983 only holds defendants liable if they were personally involved in the deprivation of a constitutional right. *See Williams*, 927 F.3d at 482. Thus the named defendants are not proper parties for Ollie's allegations that two police officers "tackle[d] [him] to the ground." (ECF No. 1 at 3.) Even generously reading Ollie's complaint to include the Milwaukee Police Department as a party, the Seventh Circuit long ago explained that "a police department is not a suable entity under [Section] 1983." *Best v. City of Portland*, 554 F.3d 698, 698 n. * (7th Cir. 2009).

The Court will allow Ollie the opportunity to file an amended complaint, clarifying his allegations, describing plausible legal claims, and asserting federal jurisdiction. If he decides to proceed with an amended complaint, Ollie should only name as defendants those specific individuals or entities that directly violated his rights. He should explain how each named defendant violated his rights and describe the injuries he suffered due to those violations. Ollie is advised that his amended complaint must include the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

Accordingly,

**IT IS HEREBY ORDERED** that Ollie's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that if Ollie wishes to proceed with this lawsuit, he must file an amended complaint. The amended complaint should state in greater detail the basis for

Ollie's claims, including facts that would support a finding that each defendant violated his rights and describes the injurie she suffered due to those violations. An amended complaint must be filed with the Court on or before **October 6, 2023**. If the Court does not receive Ollie's amended complaint by that date, the case will be dismissed for Ollie's failure to prosecute pursuant to Civil L. R. 41(c).

Dated at Milwaukee, Wisconsin on September 6, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge